## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT LOUISVILLE

ROBERT WILLIS McKINNEY                                                              PLAINTIFF

v.                                              CIVIL ACTION NO. 3:14CV-P4-R

DANIEL J. SCHULMAN                                                  DEFENDANT

### MEMORANDUM OPINION

Plaintiff Robert Willis McKinney, a convicted prisoner currently incarcerated in the Roederer Correctional Complex, filed a *pro se* complaint under 42 U.S.C. § 1983. This matter is before the Court for initial review of the complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons that follow, the Court will dismiss the complaint.

### I. SUMMARY OF CLAIMS

Plaintiff identifies the one Defendant in this action, Daniel J. Schulman, as the administrative law judge who presided over a preliminary parole revocation hearing to determine whether there was probable cause to revoke Plaintiff's parole. Plaintiff sues Defendant in both his individual and official capacities. He seeks monetary damages, punitive damages, injunctive relief in the form of referring his "case to the Kentucky Bar," and for this Court to bar Defendant from "acting as Administrative Duties for one year and certify training before serving again."

In his complaint, Plaintiff alleges that Defendant violated his Fourteenth Amendment right to due process in three respects. First, Plaintiff complains that Defendant allowed a parole agent who had no prior contact with Plaintiff and had not "filed the complaint and request for the Parole Board Warrant" to testify at the revocation hearing. According to Plaintiff, his counsel objected to this testimony and the lack of presence of the parole officer who had initiated the

revocation. Plaintiff contends that Defendant's denial of his counsel's motion for a continuance until this parole officer could be present to testify violated his "*right to cross-examine the adverse witness* with out a showing of *good cause*." Second, Plaintiff states that at his preliminary parole revocation hearing, he presented his "'SAP AFTERCARE CONTRACT' (Substance Abuse Program)" as evidence that Plaintiff did not fail to follow aftercare recommendation as charged. Plaintiff contends that the contract did not require him to complete SAP Aftercare until 2022; thus it showed Plaintiff could not have violated this parole condition. According to Plaintiff, Defendant omitted the contract from evidence which "clearly presented an augment of innocents of the [Plaintiff]" and deleted this evidence from his "*FINDINGS OF FACT AND CONCLUSIONS OF LAW*." Doing so, according to Plaintiff, was "a *due process violation* and arbitrary at the very least." Third, Plaintiff states that Defendant also omitted evidence "from the record by failing to include it in his '*FINDINGS OF FACT AND CONCLUSION OF LAW*'" that would have exonerated Plaintiff from the "Failure to Report Citation." This evidence, according to Plaintiff, was testimony given by the parole agent during the revocation hearing that Plaintiff contacted the "Duty Officer"; thus he was "in compliance with that one."

According to Plaintiff, Defendant failed "to allow the cross-examination of the adverse witness without cause and fail[ed] to submit a complete and accurate record of the Preliminary Parole Revocation Hearing of all evidence submitted by the Parole authority." These actions on the part of Defendant, Plaintiff contends, violated his Fourteenth Amendment right of due process. Plaintiff further contends that Defendant "failed to follow specified procedures to adequately protect a parolee's against revocation of parole in an unconstitutionally unfair manner

2

that has been prescribed many times over." Additionally, Plaintiff alleges that Defendant's actions "are a clear showing of arbitrary and capricious actions or abuse of discretion that has harmed [Plaintiff] . . . ."

Plaintiff states that there is no appeal of a preliminary parole revocation hearing, but the "Administrative Law Judge renders his/her '*Findings of Fact and Conclusions of Law*' to the Parole Board." According to Plaintiff, he requested leniency of the Parole Board "that resulted in a twelve (12) month deferment based on a fraudulent and incomplete report." It was clear, Plaintiff contends, that the Parole Board did not entertain Plaintiff's arguments about the inaccuracies in Defendant's findings and conclusions.

## II. **STANDARD OF REVIEW**

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d at 604.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

3

relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). The court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

*A. Individual-Capacity Claim*

Defendant is immune from liability in his individual capacity. "Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). "[I]mmunity is overcome in only two sets of circumstances." *Id.*

4

"First, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judges's judicial capacity." *Id.* "Whether an action is judicial depends on the nature and function of the act, not the act itself." *Ireland v. Tunis*, 113 F.3d 1435, 1440-41 (6th Cir. 1997) (quoting *Mireles v. Waco*, 502 U.S. at 13) (internal quotation marks omitted). Two factors are used to perform this functional analysis. *Id.* at 1441. Courts must first determine whether the act "'is a function normally performed by a judge.'" *DePiero v. City of Macedonia*, 180 F.3d 770, 784 (6th Cir. 1999) (quoting *Stump v. Sparkman*, 435 U.S. 349, 362 (1978)). Second, "courts must assess whether the parties dealt with the judge in his or her judicial capacity." *Id.*

"Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. at 12. A judge acts in clear absence of all jurisdiction only if the matter acted upon is clearly outside the subject matter of his court. *Ireland v. Tunis*, 113 F.3d at 1441. Acting in error, maliciously, or in excess of his authority is not enough. *Stump v. Sparkman*, 435 U.S. at 355.

Absolute judicial immunity has been extended to administrative law judges. *Butz v. Economou*, 438 U.S. 478, 511-14 (1978); *see also Horton v. Martin*, 137 F. App'x 773, 775 (6th Cir. 2005) ("Parole board members are absolutely immune from liability for their conduct in individual parole decisions when they are exercising their decision making powers. Likewise, those who make recommendations concerning parole also enjoy absolute immunity.") (citations and internal quotations omitted); *Thomas v. Beshear*, No. 1:09CV-P169-M, 2010 WL 1434109 at *2 (W.D. Ky. Apr. 8, 2010) ("Judicial immunity has been extended to parole officers, administrative law judges, and parole board members in the performance of their duties when those duties are judicial in nature."). The Supreme Court has found that "[t]here can be little

5

doubt that the role of the modern federal hearing examiner or administrative law judge . . . is 'functionally comparable' to that of a judge." *Id.* at 513; *see also Cleavinger v. Saxner*, 474 U.S. 193, 200 (1985) ("[T]he Court has extended absolute immunity to certain others who perform functions closely associated with the judicial process. The federal hearing examiner and administrative law judge have been afforded absolute immunity.").

In the present case, the alleged wrongful acts about which Plaintiff complains involve rulings and decisions Defendant made in his capacity as an administrative law judge during the course of presiding over Plaintiff's preliminary parole revocation hearing. Presiding over preliminary parole revocation hearings and making decisions therein are functions normally performed by an administrative law judge, and Plaintiff dealt with Defendant in his capacity as an administrative law judge. Therefore, the alleged wrongful acts performed by Defendant were judicial in nature. Further, because Defendant had jurisdiction and authority to conduct parole revocation hearings, *see* KRS § 439.341 and 501 KAR 1:040, Plaintiff has not shown that Defendant acted "in clear absence of all jurisdiction." As such, Defendant is absolutely immune from liability, and the claim against Defendant in his individual capacity must be dismissed.

## B. *Official-Capacity Claim*

Plaintiff's § 1983 claim against Defendant in his official capacity for money damages fails because it is barred by Eleventh Amendment immunity. Under the Eleventh Amendment to the U.S. Constitution,[1] a state and its agencies may not be sued in federal court, regardless of the

---

[1] "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI. "While the Amendment by its terms does not bar suits against a State by its own citizens, [the Supreme Court] has consistently held that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974).

relief sought, unless the state has waived its immunity or Congress has overridden it. *Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 124 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978). The Commonwealth of Kentucky has not waived its immunity, *see Adams v. Morris*, 90 F. App'x 856, 857 (6th Cir. 2004), and in enacting § 1983, Congress did not intend to override the traditional sovereign immunity of the states. *Whittington v. Milby*, 928 F.2d 188, 193-94 (6th Cir. 1991) (citing *Quern v. Jordan*, 440 U.S. 332, 341 (1979)); *see Ferritto v. Ohio Dep't of Highway Safety*, No. 90-3475, 1991 WL 37824, at *2 (6th Cir. Mar. 19, 1991) ("The Eleventh Amendment prohibits actions against states and state agencies under section 1983 and section 1985."). The Eleventh Amendment similarly bars the damages claims against state officials sued in their official capacity. *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985) ("This [Eleventh Amendment] bar remains in effect when State officials are sued for damages in their official capacity."); *McCrary v. Ohio Dep't of Human Servs.*, No. 99-3597, 2000 WL 1140750, at *3 (6th Cir. Aug. 8, 2000) (finding § 1983 and § 1985 claims against state agency and its employees in their official capacities for damages barred by Eleventh Amendment immunity).

Plaintiff sues Defendant in his official capacity. He identifies this Defendant as an administrative law judge for the Kentucky Parole Board. As such, the official-capacity claims for money damages against him are barred and will be dismissed from this action.

Plaintiff also seeks injunctive relief, *i.e.*, for the Court to refer his "case to the Kentucky Bar," and to bar Defendant from "acting as Administrative Duties for one year and certify training before serving again." This Court has no jurisdiction to disbar Defendant from state practice or to relieve him of his duties. *See Theard v. United States*, 354 U.S. 278, 281 (1957) ("The two judicial systems of courts, the state judicatures and the federal judiciary, have

7

autonomous control over the conduct of their officers, among whom, . . . lawyers are included."); *In re Baumgartner*, 123 F. App'x 200, 203 (6th Cir. 2005) (recognizing that the state's power of disbarment could not be upset by federal review); *Gibson v. Firestone*, 741 F.2d 1268, 1273 (11th Cir. 1984) ("Although federal courts have broad equitable powers to remedy proven constitutional violations, injunctive relief must be tailored to fit the nature and extent of the established violation.") (citation omitted). Further, as for the referral of Defendant to the Kentucky Bar, Plaintiff does not need the Court to make such a referral for him.

The Court will enter a separate Order of dismissal.

Date:

cc: Plaintiff, *pro se*
 Defendant
4413.003